**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1845

UNITED STATES EX REL. ANHAM FZCO; UNITED STATES EX. REL
ASADULLAH SADERKHAIL,

Plaintiffs – Appellants,

v.

SUPREME FOODSERVICE, GMBH; SUPREME GROUP USA LLC; SADER
AL KHAIL GENERAL TRADING, LLC; STEPHEN C. ORENSTEIN; SOREN
BORUP NORGAARD; HAJI OBAIDULLAH SADE KHAIL,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria. Rossie David Alston, Jr., District Judge. (1:17-cv-01290-RDA-JFA)

Argued: May 5, 2021                                    Decided: August 11, 2021

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Michael Kohn, KOHN, KOHN, & COLAPINTO LLP, Washington, D.C., for
Appellants. Robert L. Begleiter, CONSTANTINE CANNON LLP, New York, New York,
for Appellees. **ON BRIEF:** Todd Yoder, KOHN, KOHN & COLAPINTO LLP,
Washington, D.C.; David A. Warrington, KUTAK ROCK LLP, Richmond, Virginia, for
Appellants. Gary J. Malone, Taline Sahakian, New York, New York, Henry C. Su,
CONSTANTINE CANNON LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal comes to us from the dismissal of a qui tam action in July 2020 in the Eastern District of Virginia. The action was initiated by a government contractor named ANHAM FZCO, a Dubai company, and one of its principals (collectively, "ANHAM"). ANHAM's operative Second Amended Complaint (the "Complaint") alleges multiple claims under the False Claims Act (the "FCA") and state law, all predicated on an alleged scheme to defraud the United States Government. According to the Complaint, the scheme was carried out by defendant Supreme Foodservice GmbH and other codefendants (collectively, "Supreme Foodservice").

The FCA, codified at 31 U.S.C. §§ 3729-3733, "authorizes a private individual (i.e., a relator) to initiate and pursue an action in the name of the United States Government (a qui tam action) to seek civil remedies for fraud against the Government." *See United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 333 (4th Cir. 2017). In order to initiate a qui tam action, "the relator's complaint must be served on the Government, filed *in camera*, and kept under seal for at least sixty days, with no service of process on the defendant until the court so orders." *Id.* (citing 31 U.S.C. § 3730(b)(2)). During that sixty-day period, the Government must decide whether to intervene in the qui tam action. *Id.* at 333-34. If the Government elects not to intervene, the relator has the right to conduct the qui tam action itself. *Id.* at 334. If the qui tam action is successful, "the relator is entitled to share with the Government in the award," and the share the relator receives depends to some extent on whether the Government has elected to intervene. *Id.* Here, the

3

Government decided not to intervene in support of ANHAM's qui tam action, and thus ANHAM was left to pursue the action on its own.

As alleged in the Complaint, the United States Government first contracted with Supreme Foodservice in 2005 to supply food and related products to the Government's military and related personnel in Afghanistan. That food supply contract was resolicited in 2011, with the two competing finalists narrowed to Supreme Foodservice and ANHAM. Because Supreme Foodservice's pricing structure exceeded that of ANHAM, ANHAM's bid was accepted by the Government. The Government expected at the time that Supreme Foodservice would contest its decision to select ANHAM and preemptively entered into a "bridge contract" with Supreme Foodservice to continue its food supply services until December 2012, when the Government would fully transition the food supply contract from Supreme Foodservice to ANHAM.

The Complaint alleges that Supreme Foodservice intentionally and fraudulently delayed the December 2012 transition date. More specifically, the Complaint alleges that as ANHAM was about to have its Kandahar warehouse in southern Afghanistan operational in November 2012 — a warehouse that was critical to ANHAM's execution of its food supply contract obligations — a militia was directed by Supreme Foodservice to seize the warehouse from ANHAM. Those efforts caused a delay of nearly a year in the transition of the food supply contract obligations from Supreme Foodservice to ANHAM — from December 2012 to November 2013 — and caused the Government to pay in excess of 900 million dollars more than it should have paid. The Complaint alleges eight FCA claims and four state claims that include, inter alia, that Supreme Foodservice

4

perpetrated and carried out a fraud scheme to delay implementation of ANHAM's food supply contract.

By its Order of July 8, 2020, the district court granted Supreme Foodservice's motion to dismiss for failure to state a claim upon which relief can be granted and dismissed the Complaint with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See United States ex rel. ANHAM FZCO v. Supreme Foodservice GmbH*, No. 1:17-cv-01290 (E.D. Va. July 8, 2020), ECF No. 95 (the "Dismissal Order"). As the Dismissal Order explained, the Complaint failed to sufficiently allege the FCA claims under Rules 8(a) and 9(b). *Id.* at 18-31. With the FCA claims of the Complaint dismissed with prejudice, the district court "decline[d] to exercise supplemental jurisdiction over the state law claims." *Id.* at 31.

ANHAM timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291. We are obliged to "review de novo [a] district court's dismissal of [a] relator's complaint under Rule 12(b)(6)." *See United States ex rel. Rostholder v. Omnicare, Inc.*, 745 F.3d 694, 700 (4th Cir. 2014). Having thoroughly examined and assessed the record in these proceedings, and having carefully considered the contentions of the parties in their appellate briefs and in oral argument, we are satisfied to affirm the district court's Dismissal Order for the reasons set forth therein.

*AFFIRMED*